UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Timothy Tuttamore,

    Petitioner,                            Case No. 3:04CV7529

    v.                                        ORDER

United States of America,

    Respondent

      This is a proceeding under 28 U.S.C. § 3582(c)(2) for reduction of sentence. The petitioner, convicted of armed bank robberies and use of a firearm with one of those offenses, claims that he is entitled to relief under *U.S. v. Booker*, ---- U.S.----, 125 S. Ct. 738 (2005).

      The plea agreement between the government and petitioner contained a waiver of the right to appeal or otherwise challenge his sentence, including by way of a 28 U.S.C. § 2255 petition.

      Petitioner took no direct appeal. On August 1, 2004, he filed a motion to vacate sentence under 28 U.S.C. § 2255, alleging: 1) ineffective assistance of counsel because his attorney failed to file a direct appeal; 2) improper enhancements in computing his sentence in violation, *inter alia*, of his right to trial by jury; 3) miscalculation of his criminal history category; and 4) improper enhancement for use of firearms, because the firearms were unloaded and inoperable.       On February 1, 2005, this court denied § 2255 petition, finding it was untimely and barred by the waiver of appeal in the plea agreement. With regard to any claim under *Booker*, this court concluded that *Booker* was not available on collateral review. An appeal from that decision currently is pending in the Sixth Circuit.

Petitioner filed the instant case on March 21, 2005, contending that "Booker lowered his guideline range by allowing the judge discretion to impose a lower length sentence without regard to the 'now advisory' guideline range." He invokes § 3582(c)(2) rather than § 2255 to avoid the bar on successive petitions under § 2255.

Under § 3582(c) a "court may not modify a term of imprisonment once it has been imposed except" in the either statutorily enumerated circumstances or when a sentencing range has subsequently been lowered by the Sentencing Commission under 28 U.S.C. § 994(o).

No new guideline has lowered the applicable sentencing range. Thus the petitioner is not eligible for modification of his sentence under § 3582(c)(2).

In any event, *Booker* did not lower any specific sentencing ranges or invalidate the Sentencing Guidelines *in toto*. Rather, that decision made the Guidelines advisory rather than mandatory. Nothing in *Booker* gives jurisdiction or authority to a court to modify a sentence

## Conclusion

The petitioner is not entitled to relief. It is, therefore,

ORDERED THAT the petition be, and the same hereby is denied.

An appeal from this decision could not be taken in good faith, and shall not be allowed without prepayment of the requisite filing fee.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge